Moncure, J.
concurred in reversing the judgment.
The judgment was as follows :
It appears from the first bill of exceptions, that at the trial “ the defendant offered evidence to prove, in mitigation of damages, that at and about the time of speaking the words in the declaration mentioned, the plaintiff and defendant were engaged in an angy and exciting controversy in the Court, and that they were both in the habit of using towards and concerning each other-violent and abusive language, and that about that time, although not at the time when the words charged in the declaration were spoken, the plaintiff had used to and about the defendant language equally offensive and insulting with that in the declaration mentioned. But that the Court being of opinion that such evidence was inadmissible for any purpose, refused to permit evidence of slanderous, defamatory and insulting words spoken by the plaintiff to, of, or concerning the defendant, at other times or on different occasions from the times and occasions on which the words charged in the declara *45 tion were spoken.” In this decision of the Circuit court, it seems to this Court there is no error.
It further appears from the second bill of exceptions, that at the trial “ the defendant as to the words in the declaration mentioned as imputing to the plaintiff a theft of an order on Stofer, offered evidence to prove the circumstances under which the plaintiff became possessed of the order on Stofer, and his whole conduct in relation thereto, and to shew that, although not justifying the speaking of the words in the declaration mentioned as importing theft, those circumstances and the conduct of the plaintiff were in themselves highly improper, and such as were calculated justly to excite the defendant and to arouse his suspicions: But that the Court being of opinion that such evidence was inadmissible under the plea of not guilty, which was the only plea in the cause, refused to admit the evidence.” And it seems to this Court, that if this bill of exceptions is to be understood as importing that the evidence offered as therein mentioned, neither proved nor tended to prove that the plaintiff was guilty of stealing the order on Stofer, but upon the whole relieved him before the jury from all imputation of such guilt, then that the Circuit court erred in rejecting said evidence. But if, on the contrary, the bill of exceptions is to be understood as importing that the evidence so offered did prove or tend to prove that the plaintiff was guilty of such theft, so as to leave him before the jury unrelieved from all imputation of that crime, then that said evidence was properly rejected by the Court. And while some of the members of this Court are of opinion that the bill of exceptions justly bears the former interpretation, others think that the evidence offered is not set forth with sufficient certainty to free it from the latter, and therefore that the bill of exceptions is too imperfect to enable us to determine what was the precise *46 question intended to be presented, and that the judgment ought- for that reason to be reversed.
It is therefore considered by the Court, that the said jU(jgmen(. 0f Circu(t court be reversed and annulled, an¿ ver¿ict of the jury set aside with costs to the plaintiff in error. And the cause is remanded to the Circuit court for a new trial to be had therein, which new trial is to be governed, so far as applicable, by the principles above declared.